ALEXANDER *against* MAHON.

ALEXANDER
v.
MAHON.

IN.ERROR, from the court of common pleas of *Herkimer* county. *Mahon* brought an action of *trover* against *Alexander* in the court below. It appeared that the plaintiff below, as sheriff, had seized and taken the goods in question, by virtue of a *fieri facias* against the goods, &c. of *Jonas Churchill;* and before the goods were removed from the possession of *Churchill,* the defendant below took them as a distress, and sold them for rent. At the trial, the plaintiff offered *Churchill* as a witness, and being objected to by the defendant, he was rejected by the court. The defendant then offered parol evidence to prove that *Churchill* had acknowledged that he and *Alexander* had agreed, more than two months prior to the seizure under the execution, that *Churchill* should be the tenant of *Alexander,* and should hold the premises, on which the goods were distrained, at a certain annual rent; and that *Alexander* distrained the goods in question for rent in arrear, under that agreement, and while *Churchill* was in possession of the premises. This evidence was objected to, and rejected by the court; and a bill of exceptions was taken by the defendant below to the opinion of the court.

The case was submitted to the court, on the bill of exceptions, without argument.

A sheriff who levies a *fi. fa.* is not bound to leave goods on the premises sufficient for the payment of the rent in arrear, without notice for that purpose from the landlord. If the sheriff, without such notice, has levied upon the goods of the tenant, the landlord cannot take them as a *distress.* In an action of trover by a sheriff who levied on goods without notice of any rent being in arrear, against the landlord who had distrained the same goods, the tenant was held to be a competent witness, and evidence of his confessions inadmissible. *It seems* that in such an action, the landlord cannot show in mitigation of damages that the rent was actually due.

*Per Curiam.* The court below undoubtedly erred in excluding *Churchill* as a witness. He stood perfectly indifferent between the parties; for it was immaterial to him which of them held his goods. He was entirely disinterested, for whoever succeeded in the suit, he was sure to lose his goods. His exclusion as a witness operated injuriously to the defendant in error. He was, however, excluded at the instance of the plaintiff in error. As *Churchill* was a good and competent witness, the plaintiff in error cannot avail himself of his confessions; and in overruling the proof of these confessions, the court below decided correctly. It does not lie with the plaintiff in error to complain of the rejection of that proof, after he had himself procured the total exclusion of the witness.

At common law, executions took place of all debts which were not specific liens, even of rents due to landlords. The statute of 8 *Ann.* c. 14. s. 1. gave landlords a remedy for one year's rent, but no more. (2 *Wils.* 140. *Pratt,* Ch. J.) Our statute (1 *N. R. L.* 434., sess. 36. c. 63. s. 12.) is almost a transcript of the *English* statute, under which it has been decided that the landlord is bound to give notice to the sheriff of the rent being due ; for the sheriff is not bound, without such notice, to know who the landlord is, or what is in arrear. (*Waring* v. *Dewberry,* 1 *Stra.* 97.)(*a*)

By the seizure under the execution, the goods were in the custody of the law, and were not, therefore, distrainable ; for it is repugnant, *ex vi termini,* that it should be lawful to take the goods out of the custody of the law ; and that cannot be a pledge which cannot be reduced into actual possession. (*Woodfall's Tenants' Law,* 389. 2d edit.)

Had the defendant below offered legal proof of rent being due, it might well be doubted whether such proof would have availed him, even in mitigation of damages, the act of distraining being illegal after the levy of the execution. It might lead to great abuse to suffer the landlord to deprive the sheriff of his legal possession, and thus defeat a sale of the goods by him, and still allow the landlord to retain in his hands, under the notion of mitigating the damages, perhaps the whole value of the goods. This point, however, is not raised in this case, and we give no opinion upon it. The judgment below must be affirmed.

Judgment affirmed.

(*a*) See, also, *Palgrave* v. *Windham,* (1 *Stra.* 212. 214.) *Darling* v. *Hill,* (*Contemp. Hardw.* 255.)