KIMBALL FAVOR *et al.,* appellants, v. ISAAC MARLETT, appellee.

*Appeal from Kane.*

A., by deed of assignment, transferred to B. certain personal property in trust to pay certain debts. C. and D., whose tenant A. was, subsequently distrained said property for rent. B. brought an action of trespass against C. and D. for taking the same, and at the trial called A., as a witness to prove the value of the property taken, and objection was made on the ground of interest, as, under the circumstances of the case, it would be for his interest to enhance the value of the property: *Held,* that he was incompetent.

If a witness is directly interested in having a particular verdict rendered in the cause, and his testimony may induce the jury to render such a verdict, he is not a competent witness.

TRESPASS, in the Kane Circuit Court, at the September term 1843, before the Hon. John D. Caton, brought by the appellee against the appellants.

The declaration alleged the taking, by the appellants, of a quantity of unfinished furniture, the property of Marlett.

The defendants below pleaded the general issue, and a special plea, setting forth in substance, that they, before and at the time of the taking the property mentioned in the declaration, were the owners of a certain shop in Aurora, and one F. M. Grant was their tenant and occupied said shop, and was indebted to them for the rent of the same; and defendants, by their bailiff, distrained said property, which was the property of said Grant, and the taking aforesaid was the same as that in the declaration. Issue was joined.

On the trial, the plaintiff proved that the defendants took from the possession of the plaintiff a quantity of unfinished furniture, and sold the same in the fall of 1842, and that the plaintiff held the same as trustee, under and by virtue of a certain assignment from Franklin M. Grant, who formerly owned the same, by which deed of assignment, dated Sept. 13th, 1842, Grant transferred to Marlett said furniture in trust, that said Marlett would finish and sell the same to the best advantage; should collect divers demands due to Grant, and from the proceeds pay

1st. The charges and expenses of the trust;

2nd. A debt of $175, which Grant owed Marlett;

3d. A debt of $27 to R. Wilder;

4th. All other debts owed by Grant *pro rata*, and

5th. To pay the surplus, if any remained, to the said Grant, his heirs or assigns, within a reasonable time.

The plaintiff offered to prove, by said Grant, the value of said property taken. The defendants objected, on the ground that the witness was interested in enhancing the amount of the damages. The objection was overruled by the Court, and the value of said property proved by said witness, Grant. To this, the defendants below excepted and filed their bill of exceptions, setting forth said evidence and decision.

The Court found the issues for Marlett, and assessed his damages at $92. The defendants moved for a new trial, which was overruled, and judgment was rendered for $92 and costs. The defendants appealed to this Court.

*A. Lincoln*, and *T. L. Dickey*, for the appellants, contended that Grant was incompetent, by reason of his interest.

A witness is incompetent to create or enhance a fund from which he is to be benefitted, either by receiving money or having his own debts paid. *Graves* v. *Delaplaine*. 14 Johns. 148, 160.

*O. Peters*, for the appellee:

Grant, the assignor, was a competent witness, because,

1. His interest, if he had any, was too remote and contingent to disqualify; *non constat*, that there would be any surplus.

2. It does not appear by the bill of exceptions, whether Grant was called and testified to increase or diminish the damages; if to diminish, he was clearly competent. 1 Greenleaf's Ev. 427. And as nothing is to be presumed in favor of the party taking the exceptions, the Court will not presume the witness was called to increase the damages.

3. This was a contest between the creditors of Grant, and

the interest of the witness was balanced.    The clause in the assignment requiring the surplus, if any, to be paid to Grant, only declares a trust; a trust would have resulted without that clause.    *Cross* v. *Bryant*, 2 Scam. 36.    And in the case last cited, the assignor was called, and testified as a witness, and his competency was not seriously questioned by the able counsel for defendants.

The case at bar does not differ from the ordinary cases where property is seized on execution, or attachment; and in a contest between the creditors to see who shall hold the property, the debtor is always holden to be a competent witness. 2 Stark. Ev. 751, note *C; Rice* v. *Austin*, 17 Mass. 197.

If the witness was competent for one purpose, he was competent for all purposes.    *Stacy* v. *Baker*, 1 Scam. 422.

Whichever party recovered in the suit, all the property would go to pay the debts of Grant; and on the ground of interest, it was immaterial to him which of his creditors had it.    This has often been decided by the Courts, and it is now too late to question it.    1 McCord's Ch. Rep. 434, where a debtor made a general assignment for the benefit of his creditors, and the debtor was holden a competent witness in a suit between the creditors, where one sought a preference over the others.

So, in the case of *Prince* v. *Shepherd*, 9 Pick. 176, Parker Ch. J. said, that it was not easy to see why the assignor was not a competent witness, in a case where there is a struggle between the creditors for the property.

So, also, in the case of *Alexander* v. *Mahon*, 11 Johns. 185, property of a tenant was levied on; the landlord distrained it; being indebted to both parties, and it being a struggle between two creditors, the Court held that the debtor stood entirely indifferent between the parties, and was a competent witness.

The case of *Graves* v. *Delaplaine*, 14 Johns. 148, differs essentially from the case at bar.    That was not a contest between the creditors of the witnesses to ascertain who should hold the property; but the witnesses having become bankrupt, and been discharged from their debts in England, but

not thereby being discharged from their debts here, they were interested to procure a recovery by the party calling them, thereby to create a fund to pay their American debts, for which they were still liable.

4. Finally, like the case of *Cross* v. *Bryant*, the witness lost nothing, gained nothing, released nothing, incurred no liability, and was discharged from no liability, by the testimony he was called to give.

The Opinion of the Court was delivered by

CATON, J. In this case I have no doubt but I improperly admitted Grant, as a witness, to testify as to the value of the property, for the taking of which this suit was brought. It was a contest between the creditors of Grant, Marlett claiming to recover the value of the property by virtue of an assignment of it from Grant for the payment, first, of certain preferred creditors, then for the payment of creditors generally, and the residue, if any, to be paid to Grant. The defendants below proved that Grant was indebted to them for rent, for which they had distrained and sold the property in question.

As the benefit of whatever judgment Marlett should recover in this suit must be applied by him to the payment of Grant's debt, nothing can be more clear that he was directly interested to enhance, as much as possible, the amount of that recovery. The property had already been sold by the defendants below, and the amount ascertained beyond which the property could not extend in the payment of that debt. It was to his advantage that Marlett should recover of them, and apply towards the payment of his other debts, a greater amount than they obtained for it. Had the title to the property been alone in question, he might then have stood indifferent between the parties, it being immaterial to him, in point of law, to pay which of his debts, the proceeds of this property was applied. He then would have stood as good a chance to have got the full value of the property in the hands of one, as of the other. In this case, the amount for which he was to receive the benefit in the payment of his debts, was

Favor *et al. v.* Marlett.

ascertained on one side by the sale of the property, and although it may have been sacrificed at one half its value, yet he had no redress, if it was properly distrained. Should Marlett succeed in showing that it was not liable to the distress, then he was sure of having the full value appropriated to his benefit in discharging his obligations. His interest was palpable and direct in favor of the plaintiff. The Court was undoutedly misled at the Circuit by the case of *Alexander* v. *Mahon,* 11 Johns. 185, which seems to be directly in point the other way. There, the sheriff had levied a *fi. fa.* on certain property, and, before it was removed by him, the landlord of the defendant in the execution distrained the same property for rent, and sold it, and the sheriff brought trover against the landlord. At the trial, the plaintiff offered the debtor as a witness, but he was rejected by the Court. The Supreme Court said, that his interest was equally balanced, and that he was a competent witness. But we cannot consider this case of controlling authority. The case was decided without argument, and, it may be that it was not considered with that deliberation, which usually characterizes the decisions of that Court. Nor did that question more than incidentally arise in the case, for the plaintiff, against whom the decision was made in the Court below, got judgment, which was affirmed by the Supreme Court.

I have before stated my reasons why we cannot concur with the Supreme Court of New York, that the interests of the witness were equally balanced. Had the action been replevin, the case would have been very different. No question is made as to what the law is, when the fact is ascertained as to interest of the witness. If the witness is directly interested in having a particular verdict rendered in the cause, and the testimony of the witness may induce the jury to render such a verdict, he must be held to be incompetent. Such, we cannot doubt, was the condition of this witness, and that the Court erred in admitting him to testify.

The judgment must be reversed with costs, and the cause remanded.

*Judgment reversed.*