WISE et al. v. GRANT, Sheriff, et al.

(Supreme Court, General Term, First Department. November 18, 1892.)

1. RESCISSION OF SALE—FRAUD.
  Where goods are sold on the faith of false and fraudulent statements by the purchaser as to his credit and financial standing, and a few days later the sheriff, under an execution against the purchaser and others, levies on and takes possession of the goods sold, the vendor may rescind the sale, and reclaim the goods.

2. SAME—DEMAND.
  A demand for the goods by the vendor on the sheriff is sufficient to support an action for the goods without a demand on the purchaser, who has parted with possession of the goods.

Appeal from circuit court, New York county.

Action by Leopold Wise and Charles Wise against Hugh J. Grant, as sheriff, and another, for recovery of goods levied on by defendant Grant under an execution in favor of third parties. Judgment for plaintiffs. From the judgment entered on a verdict for plaintiffs, and from an order denying a motion for a new trial, defendant Grant appeals. Affirmed.

For decision on former appeal, see 13 N. Y. Supp. 376.

Argued before VAN BRUNT, P. J., and O'BRIEN and LAWRENCE, JJ.

Cockran & Clark, (Abraham Gruber, of counsel,) for appellant. Horwitz & Hershfield, (Otto Horwitz, of counsel,) for respondents.

LAWRENCE, J. The action is brought to recover the possession of certain chattels, consisting of shoes, which it is alleged in the complaint were wrongfully obtained by the defendant Maier Rothschild from the plaintiffs on or about August 22, 1887, and that the defendant Grant, as sheriff of the city and county of New York, obtained possession thereof by virtue of some alleged legal process against the defendant Rothschild, and that prior to the commencement of the action a delivery of the chattels was demanded and refused, and that the defendants wrongfully and unlawfully detained the same. The defendant Maier Rothschild was prior to and at the commencement of the action a resident of Cincinnati, Ohio, and his son, Abraham Rothschild, was carrying on merchandise business in his father's name in the city of New York, and transacted the business for such defendant. Prior to August 22, 1887, the plaintiffs, who were dealers in shoes in the city of New York, had been selling various small bills of goods to the defendant Rothschild, and on August 22, 1887, such defendant, through his son, selected a bill of $1,075.24, (the goods in question,) and, it being for a much larger amount than had been previously bought at one time, and the terms not being entirely satisfactory to the plaintiffs,—being for a longer term of credit,—they refused to deliver the goods until a statement was made by Mr. Abraham Rothschild, the defendant's agent. Before the delivery of the goods such a statement was made, which was substantially to the effect that the son had a copy of a statement of his father's affairs, (which was produced at the interview,) which showed that he (said defendant) was the owner of real estate to the

value of $125,000, and that about half of this was in the city of New York, and unincumbered, and that he did not owe for merchandise at any one time exceeding $10,000; and that it was on the faith of these statements that the goods were finally delivered on August 23, 1887.    Three days later the plaintiffs heard that the defendant sheriff had taken possession of the store of the defendant Rothschild, No. 40 White street, under an attachment; the goods in question at that time being in such store.    Thereupon the plaintiffs elected to rescind the sale, made a demand for the possession of the same upon the deputy sheriff in charge of the store, and upon Mr. Sexton, the undersheriff, at the sheriff's office, the goods at that time being in possession of the sheriff.    Upon a refusal, this action to recover the possession of the same was brought on August 30, 1887.    The statement mentioned in the conversation between Abraham Rothschild, the son of the defendant Maier Rothschild, and Mr. Wise, prior to the delivery of the goods, was a copy of a written statement which had been sent by the defendant Maier Rothschild to a bank here, apparently for the purpose of obtaining credit, and it appeared that on April 11, 1887, the defendant Maier Rothschild wrote a letter to the plaintiffs in answer to theirs of the 9th, inclosing a bill, in which he said:    "I fully approve of any and all transactions made by Abraham Rothschild in my name.    The Mechanics' & Traders' Bank of your city have my signed statement."    It also appeared that the plaintiffs had never seen the defendant Maier Rothschild, but had all their transactions with Abraham Rothschild, his agent and representative, who was carrying on the business in the name of his father, at 40 White street, in the city of New York, and who was in sole charge thereof.    The defendant justified the seizure under an attachment issued on August 26, 1887, against the defendant Maier Rothschild, Charles H. Rothschild, and Jacob H. Rothschild, at the instance of John T. Sherman and others, in an action arising upon contract, in the sum of $16,107.15, it being alleged that that sum was the amount of the contract debt; and it was further set forth that the goods seized belonged to the defendants in said attachment.

The case has been twice tried, and the judgment in favor of the plaintiffs rendered upon the first trial was reversed (13 N. Y. Supp. 376) on the ground that evidence had been admitted of admissions made by Abraham Rothschild, the agent of Maier Rothschild, as to the falsity of the representations made prior to the sale and delivery of the goods in question, which admissions were made after the sheriff had taken the property under the attachment issued to him.    Upon the trial from which the present appeal is taken no such evidence was given; but it was shown by the testimony of Maier Rothschild himself, taken upon commission, that the statements made by his agent to the plaintiff Leopold Wise at the time of the sale were false, and the jury have so found by the verdict which they rendered in this case.    It was undoubtedly the right of the plaintiffs, if the sale of the goods in question was induced by fraud on the part of the vendee, to rescind the sale, and reclaim their goods. This the plaintiffs have sought to do, but it is claimed by the defendant that they could not properly maintain this action, because, at the time of the seizure of the property in suit by the sheriff upon a warrant of attachment, they did not have the right to reduce it into their possession.    We do not see how this contention can be successfully supported.    The case of *Goodwin* v. *Wertheimer*, 99 N. Y. 149, 1 N. E. Rep. 404, which is relied upon by the defendants, does not aid them.    It was there held that, where a sale of goods had been induced by fraud, before the vendor could maintain an action against the assignee for conversion, or in replevin, there must be a demand shown upon the assignee.    In this case it distinctly appears that there was a demand upon the sheriff prior to the commencement of the action; and it was not necessary for the plaintiffs to show that they had made a demand upon Rothschild for the return of the goods, the goods being out of his possession, and in the possession of the sheriff.    The case of *Simpson* v. *Del Hoyo*, 94 N. Y.

189, has no bearing upon this case, and the same observation may well be made in reference to the case of *Baird* v. *Mayor*, 96 N. Y. 567. On this branch of the case, therefore, we discover no ground for reversing the judgment rendered below.

Certain exceptions were taken during the course of the trial, however, upon which the defendant relies as presenting good grounds for granting a new trial. Those exceptions relate to certain portions of the charge of the justice presiding at the circuit, and certain refusals to charge. In the course of the charge the court stated that, "if these representations were false, the plaintiff had a right to rescind the sale and take back his property." To this remark the counsel for the defendant excepted, and asked the court to charge that it is not enough that the representations alleged by Abraham Rothschild and Maier Rothschild were false, in order that the jury may find for the plaintiffs, whereupon the court stated: "I did not so charge. I said if they were false, and the plaintiff was deceived and injured thereby." To this statement the defendant's counsel also excepted, and asked the court to charge the jury "that, before they can find for the plaintiff, they must find that the representations were false, and that they were knowingly false at the time they were made, to the knowledge of Abraham Rothschild and Maier Rothschild." We think that, if there was any inaccuracy in the charge of the learned court in respect to the representations made by the Rothschilds in the first instance, the error was corrected when the court stated: "I said that, if they were false, and the plaintiff was deceived and injured thereby, the plaintiff had a right to recover;" and, after having made that statement, we do not think that the court was obliged to reiterate the proposition, as requested, at page 41, folio 121, of the case. The defendant's counsel also asked the court to charge that the fact that the sheriff of New York county, the defendant, levied upon the stock of goods of Maier Rothschild under execution against C. H. Rothschild & Co., is no evidence of the falsity of the representations claimed to have been made by Abraham Rothschild or Maier Rothschild to the plaintiffs. This the court refused to do, and we think the refusal was proper. The defendant's counsel also asked the court to charge that fraud cannot be presumed, but must be proven by a preponderance of testimony; whereupon the court stated: "I refuse to charge except as I have charged. The jury must be satisfied from the evidence in the case that the representations were false, and were known to be false by Abraham Rothschild at the time he made them, and that the plaintiffs were deceived and injured thereby." In that statement the learned justice clearly, lucidly, and succinctly stated the law applicable to the case; and, even if there were any errors in the previous portions of the charge, or in the refusal to charge, those errors were clearly corrected thereby. The defendant's counsel also asked the court to charge that the jury must find that Abraham Rothschild knew the statements that he made to the plaintiffs were false at the time they were made. The court then refused to charge except as charged. In this there was no error, inasmuch as we have just seen the court had an instant before distinctly charged that Abraham Rothschild must have known the statements were false at the time he made them, and that the plaintiffs were deceived and injured thereby, in order that they might recover.

The remaining exceptions to the charge are covered by the remarks made in reference to the exceptions already referred to. It should be observed in this case that, after the defendant had unsuccessfully moved to dismiss the complaint, and that motion had been, as we think, properly denied, the defendant's counsel asked to go to the jury upon the question of the falsity of the representations alleged to have been made by Abraham Rothschild, and on the question of the intent of Maier and Abraham Rothschild to defraud the plaintiffs in the purchase of those goods. That request was granted, and the question was submitted to the jury under a charge which we think, as a

whole, correctly stated the law applicable to the case; and we are therefore of the opinion that the judgment and order from which this appeal is taken should be affirmed, with costs.

VAN BRUNT, P. J.  I do not think that it is a very plain exposition of the law to say that in an action of this kind the plaintiff must show the representations were made; that they were false; and that he was deceived and injured thereby.  The more accurate statement would seem to be that the plaintiff, relying upon the truth of the representations, parted with his property.  This, perhaps, is meant by the word "deceived," and I therefore concur in the affirmance of the judgment, with costs.

O'BRIEN, J., concurs in result.